UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4267

JOHNNY ONEAL COCKRELL,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
William B. Traxler, Jr., District Judge.
(CR-97-767)

Submitted: September 22, 1998

Decided: October 22, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. E. Jean Howard, OFFICE OF THE
UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Johnny Oneal Cockrell pled guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (1994), and one count of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (1994). The court sentenced Cockrell to imprisonment for ninety months, followed by supervised release for five years. Cockrell appeals his conviction and sentence. Cockrell's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court complied with Fed. R. Crim. P. 11 in the taking of Cockrell's guilty plea and whether the court erred in failing to grant Cockrell's motion for a departure below the sentencing guideline range. Counsel asserts that there are no meritorious grounds for appeal. Cockrell was informed of his right to file a pro se supplemental brief, which he failed to file. Because our review of the entire record reveals no reversible error, we affirm.

Cockrell contends that the district court improperly conducted the Rule 11 hearing in accepting his guilty plea. In reviewing the adequacy of compliance with Rule 11, this court accords great deference to the trial court's decision as to how best to conduct the colloquy with the defendant. See United States v. DeFusco , 949 F.2d 114, 116 (4th Cir. 1991).

A review of the record discloses that the district court conducted a thorough hearing, insuring that Cockrell understood the rights that he would forego by pleading guilty, the elements of the charge to which he was pleading guilty, the penalties he faced, the effect of supervised release, the impact of the sentencing guidelines, and the effect of the plea agreement. Further, the court ascertained that Cockrell's plea was voluntary and that a factual basis existed for his plea. We find that the district court fully complied with Rule 11 and that this claim is without merit. See id. at 116-17.

2

Cockrell's counsel next contends that the court erred in failing to grant his motion for a departure below the sentencing guideline range. Because the record is devoid of any indication that the sentencing judge misunderstood his authority to depart downward, this issue is not appealable. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED